Spear, C. J.
Two grounds in support of the demurrer are urged: (1) That the attempted statement of indebtedness is so defective as not to amount to a statement of a cause of action. (2) That, upon the face of the petition, the cause of action is barred by the statute of limitations.
1. Ought this court now to affirm the action of the circuit court in sustaining the demurrer to the petition because of the defect complained of? The propositions urged in support of the judgment of the circuit court in this behalf are, put specifically, that an allegation that one person is indebted to another does not disclose a legal liability, inasmuch as the word “indebted” will not answer for “due.” *288 The latter word implies a debt matured, and therefore a breach in its non-payment, while an indebtedness may exist without present liability to pay. And that an allegation that one is indebted to another for money had and received without stating to whose use it was received, or that the receiver promised to pay, does not state a cause of action for money had and received. Also that an averment of demand before suit, was necessary. Further, that there was not at common law, and is not by our statutes, any implied obligation to restore or repay to the wife money reduced by the husband to his possession. The court is favored with a very ingenious and able brief by counsel for defendant in support of this contention.
As to the latter proposition. We think it is settled adversely to'the claim above stated by the act of March 30,1871 (68 O. L., 48), the law in force at the time of the alleged transaction. It is there provided that the wife’s separate property shall remain under her sole control, and where delivered to the husband, shall not be deemed reduced to his possession except by the express assent of the wife. The answer itself seems to recognize the application of this statute to the case.
Respecting the defects in the petition as to allegations of indebtedness, the writer is free to say that he has no sufficient answer to the criticism of counsel, and if we were passing upon the question in a court of first instance, there would seem to be evident propriety in holding the pleading insufficient. But the question before this court is not whether this petition, tested by technical rules, states a case, but whether the error in overruling the demurrer has worked prejudice to the adverse party which requires a reversal of the *289 judgment. The second section of the code (now 4948), enjoined this rule upon the courts: “The
provisions of this part, and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice.” And section 138 (now 5115), enjoins a still further duty in the direction of liberality: “The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected, by reason of such error or defect.”
These provisions are manifestly of high importance, and in their application here it must be kept in mind that we are dealing not alone with the action of the trial court on the demurrer, but with the proceedings as a whole, and we are required to construe the same with liberality to assist the parties in obtaining justice; and to disregard defects in either pleadings or proceedings which do not affect substantial rights. Now the answer admits the receipt by the defendant of the money from the wife, but avers that it was a free, voluntary gift, expressly made by her to the husband. So that, this averment being denied by the reply, the issue before the jury was whether or not the money was a gift. If it were, the plaintiff had no ease; if not, the defendant had, on this branch of the contention, no defense. The jury, upon trial of the facts, finding it was not a gift, gave their verdict for the plaintiff. How could the issue have been made one whit different from what it was made had the petition alleged, in express terms, that the indebtedness was due, and had been *290 demanded (if, indeed, that averment was necessary), and that the money was received to the use of the defendant? Manifestly it could not. If the money was a loan it was received to the use of the defendant, and a liability for its payment would be implied. In any event, the defendant, if inclined to state facts in his answer, would have been compelled to admit the receipt of the money, and the issue would have ensued as to the character of the transaction by which he obtained it. At least he was no more compelled to make that admission in answer to the allegation as made in the petition than he would have been had the omitted words and allegations been incorporated in that pleading. It appears clear to us that the defects of the petition, in the particulars referred to, were supplied, or at least rendered innocuous, by the answer and reply; so that, upon the whole record, these defects did not affect any substantial right of the defendant.
2. As to the statute of limitations. The contention of defendant is that the action is barred by the effect of recent legislation, and that is the real question upon this branch of the case. The averments of the petition are that the money was received by the defendant January 11, 1879, and that the plaintiff’s intestate remained the wife of the defendant until February 12, 1889, at which time she died. The action. was commenced May 11, 1894. The limitation of six years governs the action, and the question is, at what time did the statute begin to run? Applying to the situation the well-settled statutory rule, based upon section 79, Revised Statutes, that the repeal or amendment of a statute shall in no manner affect causes of action existing at the time of such repeal or *291 amendment, unless otherwise expressly provided, the vital inquiry is, has it been otherwise expressly provided? The statute of limitations relating to actions by and against married women in force Jannuarv 11, 1879, is found in chapter 3, of title 2, of the code of 1853. Section 14 (now 4981, Revised Statutes), covers actions upon contracts not in writing, express or implied. Section 19 of the same chapter (codified as 4986, Revised Statutes), provides that: “If a person entitled to bring any action mentioned in this chapter * * * be, at the time the cause of action accrued, * * * a married woman * * * every such person shall be entitled to bring such action within the respective times limited by this chapter, after such disability is removed.” This section was amended March 26, 1883 (80 O. L., 77), to the effect that the disability of being a married woman shall not extend to rights of action concerning her separate property, and this is the amendment which is cited as affecting the case. If this change is to be treated as causing the statute of limitations to commence to run upon the passage of the act (March 26, 1883), and it is claimed by counsel for defendant that it does have that effect, then, manifestly, a suit commenced May 11, 1894, is barred. But it is held in Ham v. Kunzi, 56 Ohio St., 531, that the act of March 26, 1883, does not cause the statute to begin to run as to causes of action already accrued because of another section of the same chapter, 4974, which expressly provides that the chapter “shall not apply to * * * cases wherein the right of action has already accrued, but that the statutes in force when the action accrued shall be applicable to such cases.” The facts of the two cases are so nearly identical that, without question, the *292 same rule should be applied here. Following the ease cited it results that the statute of limitations did not begin to run until the decease of Mrs. Allen, February 12, 1889, and hence the six years had not expired at the commencement of the action.
An argument of much force is presented by counsel for plaintiff upon the proposition that the common law unity of husband and wife has not been abrogated even in Ohio, and hence, on grounds of public policy, the statute of limitations ought not to be applied to a claim of the wife against the husband, and abundant decisions of the courts of other states are adduced in its support. But we do not deem it necessary to enter upon the inquiry.
The judgment of the circuit court will be reversed and that of the common pleas affirmed.

Reversed.